# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 10-62116-CIV-MORENO/TORRES

C&C CARRIAGE MUSHROOM CO., d/b/a
MODERN MUSHROOM SALES COMPANY,

      Plaintiff,

vs.

GREENWOOD CHOICE, INC., a/t/a
NEW WORLD FOOD, LLC, and
NEW GLOBE FOOD, *et al.*,

      Defendant.

_____/

## REPORT AND RECOMMENDATION
## ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiff's Motion for Ex-Parte Temporary Restraining Order [D.E. 4] filed on November 3, 2010.[1] Based on the motion and the affidavit and documents submitted therewith, we conclude that Plaintiff's motion should be granted.

Pursuant to Fed. R. Civ. P. 65(b), a temporary restraining order may be granted without notice to the adverse party only if: 1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss

---

[1] Pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the United States District Court for the Southern District of Florida, this case was referred by Judge Moreno to the undersigned Magistrate Judge to take all necessary and proper action as required by law with respect to all pretrial matters.

or damage will result before the adverse party can be heard in opposition, and 2) the applicant's attorney certified the reasons that notice should not be required.

In this case, it clearly appears from the Affidavit of one Bennett D. Lazar, the Chief Financial Officer of Plaintiff C&C Carriage Mushroom, Inc., that Plaintiff is a produce dealer and trust creditor of Defendant Greenwood Choice Inc., a/t/a New World Food, LLC and New Globe Food ("Greenwood" or "Defendant") under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c), and has not been paid for produce in the total amount of $236,893.25 supplied to said Defendant as required by the PACA.  It also appears from the same Affidavit that between June, 2010 and August, 2010, Greenwood tended thirteen checks to Plaintiff in payment for the mushrooms sold to Defendant.  All of these checks, however, were returned by the bank for various reasons, including insufficient funds and stop payment. Therefore, it appears that Greenwood  may be in financial jeopardy and the PACA trust assets are being dissipated or are threatened with dissipation and that Defendant is not or may not be in a position to pay creditor's claim, thereby warranting the relief requested by Plaintiff.  *See, e.g., Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 159 (11th Cir. 1990) ("Congress recognized that dissipation of trust assets would undermine PACA and made such dissipation a violation of the statute."); *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 80 (2d Cir. 1990).

On the basis of the pleadings, affidavit and other submissions Plaintiff has filed in this matter, it appears that Plaintiff will suffer immediate and irreparable injury due to Greenwood's dissipation of Plaintiff's beneficial interest in the statutory trust

created pursuant 7 U.S.C. § 499e(c) and that such dissipation will continue in the absence of injunctive relief.  Therefore, we are of the opinion that a temporary restraining order should be issued.

If notice is given to Defendant of the pendency of this motion, trust assets will be further threatened with dissipation before the motion is heard.  As noted in the legislative history of PACA, once dissipation has occurred, recovery of trust assets is all but impossible.  H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411; *J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc.*, 98 B.R. 47, 50 (Bankr. N.D. Fla. 1989).  Thus, an entry of this Order without notice assures retention of the trust assets under the control of this Court which is specifically vested with jurisdiction over the trust.  7 U.S.C. § 499e(c)(5).  Therefore, pursuant to the requirements of Rule 65(b)(2), the applicant attorney has certified why notice should not be required.

There is little harm to Defendant in granting an injunction, which only requires Defendant to do that which it is required to do under the statute, that is, maintain the trust required by statute and pay for the undisputed portion of produce.  Finally, the public interest is furthered by the granting of a temporary restraining order.  The purpose of the statute is to protect the public interest and remedy the burden on commerce due to nonpayment for produce.  7 U.S.C. § 499e(c)(1); *Taminura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 140 (3d Cir. 2000).

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Plaintiff's Motion for Ex-Parte Temporary Restraining Order [D.E. 4] be **GRANTED**.

It should be **ORDERED** and **ADJUDGED** that Defendant Greenwood, its agents, officers, subsidiaries, assigns, banking institutions and related entities shall be temporarily restrained from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provision of the PACA without agreement of Plaintiff or until further order of this Court. Under Section 499e(c)(2) of PACA, the assets subject to this Order include all of the assets of Greenwood unless Defendant can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or products from sale of such commodities or products. Provided, however, Greenwood may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without right of set-off, on the condition that Greenwood maintains the proceeds of such sale subject to this Order.

It should be further **ORDERED** and **ADJUDGED** that this Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this Order by personal service or otherwise.

It should be further **ORDERED** and **ADJUDGED** that in the event Defendant fails to pay Plaintiff the sum of $236,893.25 by cashiers or certified check within five (5) days of service of this Order, then the Defendant shall file with this Court, with a copy to Plaintiff's counsel, an accounting which identifies the assets and liabilities and each account receivable of Greenwood signed under penalty of perjury; and that Defendant Greenwood shall also supply to Plaintiff's attorney, within ten (10) days of the date of this Order, any and all documents in connection with their assets and

liabilities and related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns.

It should be further **ORDERED** and **ADJUDGED** that the $236,893.25 in PACA trust assets belonging to Plaintiff and in the possession of the Defendant will serve as Plaintiff's security for this injunction as required by Rule 65(c) fo the Federal Rules of Civil Procedure.

It should be further **ORDERED** and **ADJUDGED** that Plaintiff shall forthwith served Defendant, or its registered agent, or its counsel, with a copy of this Order.

It should be further **ORDERED** and **ADJUDGED** that a hearing on Plaintiff's Motion for a Preliminary Injunction [D.E. 5] shall take place on January 4, 2011 at 10:00 AM, in the James L. King Federal Justice Building, Courtroom 10-5, 99 Northeast Fourth Street, Miami, Florida before the undersigned Magistrate Judge.

Plaintiff shall have five (3) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge.  Given the fact that this motion is ex-parte and essentially granted in its entirety, the Court will expedite the period for filing objections as per S.D. Fla. Local Mag. J. R. 4(b).  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of any issue included in the Report and shall bar the parties from attacking on appeal the factual findings contained herein.  *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v.*

*Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1); S.D. Fla. Local Mag. J. R. 4(b).  The failure to file objections shall not waive Defendant's right to assert any defenses or present its case at the hearing on the preliminary injunction motion

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of November, 2010.

        */s/ Edwin G. Torres*
        EDWIN G. TORRES
        United States Magistrate Judge